RONALD V. GAGLIANO, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11898

June 23, 1981                                    629 P.2d 781

[Rehearing denied August 24, 1981]

*Colucci and Minagil,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Douglas Clark* and *James N. Tufteland,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant guilty of a burglary, in which a television had been stolen from a model home. On appeal, appellant contends the district court erred in denying his motion to suppress use of the television set as evidence. It appearing that this assignment of error has merit, and compels a new trial, we need not decide other issues.

In Chimel v. California, 395 U.S. 752 (1969), the United States Supreme Court declared:

. . . When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. . . .

There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant. The "adherence to judicial processes" mandated by the Fourth Amendment requires no less.

*Id.* at 762–63 (1969).

In the instant case, the television set was in another room, far outside appellant's reach. It seems, however, that the district court denied appellant's motion to suppress on the theory that the police officers could properly search areas outside appellant's immediate control, to protect themselves against other possible wrongdoers. In Banks v. State, 94 Nev. 90, 575 P.2d 592 (1978), this court said:

Police had ample grounds in this case for the belief that urgent action was necessary to investigate and possibly prevent a substantial threat to their own safety as well as that of others in the vicinity. They were in pursuit of suspects involved in an armed robbery, who they had reason to believe had entered the apartment in question. After seven persons had emerged from the apartment, they had no way of knowing, without entering the apartment, whether others remained inside. Furthermore, they had ample reason to believe that anyone remaining inside would have access to a gun, because a woman had been seen with a gun at the rear window, and an initial search had revealed that none of the seven outside was carrying such a weapon. . . .

94 Nev. at 97, 575 P.2d at 596–97.

In our view, however, the facts of the instant case are easily distinguishable from those in *Banks,* and do not support the

contention that the police were conducting a proper "protective sweep." Here, the officers had no reason to think anyone other than appellant and his teenage daughter might be present in the apartment. The appellant, clad only in his underpants, was in full view when the police entered. Appellant's stepdaughter also was in sight. The prosecution has been unable to refer us to any special circumstances which would justify a belief by the officers that a threat to their security required warrantless intrusion into other rooms of the apartment.

Accordingly, we reverse and remand this case to the district court.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and McDANIEL D. J.,[1] concur.